JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jared Taylor

**(b)** County of Residence of First Listed Plaintiff: Bergen, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Matzus, Matzus Law, LLC
310 Grant Street, Suite 3210, Pittsburgh, PA 15219
(412) 206-5300

## DEFENDANTS
Break the Floor Productions LLC d/b/a NUVO
Nicholas J. Henderson

County of Residence of First Listed Defendant: Los Angeles, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Owen Field & Sean Stadelman, Goldberg Segalla LLP
1700 Market Street, Suite 1418, Philadelphia, PA 19103
(267) 519-6860

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 and 28 U.S.C. § 1391
Brief description of cause:
Personal injury - Motor vehicle

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/20/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jason E. Matzus, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44A REVISED June, 2009
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the ( ○ Erie   ○ Johnstown   ● Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in_____ County and that the _____resides in_____County.

4. Complete if on **JOHNSTOWN CALENDAR**: I certify that the cause of action arose in _____County and that the_____resides in _____County.

**PART B** (You are to check ONE of the following)
1. ○ This case is related to Number_____    . Short Caption_____._____
2. ● This case is not related to a pending or terminated case.

DEFINITIONS OF RELATED CASES:
CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**
I. CIVIL CATEGORY (Select the applicable category).
   1. ○   Antitrust and Securities Act Cases
   2. ○   Labor-Management Relations
   3. ○   Habeas corpus
   4. ○   Civil Rights
   5. ○   Patent, Copyright, and Trademark
   6. ○   Eminent  Domain
   7. ○   All  other federal question cases
   8. ●   All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious prosecution, and false arrest
   9. ○   Insurance indemnity, contract and other diversity cases.
   10.○   Government Collection Cases (shall include HEW Student Loans (Education), V A   Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)


I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

/s/ Jason E. Matzus, Esquire

Date: August 20, 2019       _____

ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH FORMS MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARED L. TAYLOR<br>809 DeLalla Terrace, Apt. D<br>Ridgefield, NJ 07657<br><br>    Plaintiff,<br><br>v.<br><br>BREAK THE FLOOR PRODUCTIONS LLC<br>d/b/a NUVO<br>310 West 52nd Street, #35A<br>New York, NY 10019<br><br>and<br><br>NICHOLAS J. HENDERSON<br>56 Portland St. # 3<br>Portland, ME 04101<br><br>    Defendants. | CIVIL ACTION<br><br>No. 2:19-cv-00912-AJS<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Jared L. Taylor, by and through his undersigned counsel and files this Amended Complaint in Civil Action and avers as follows:

## PARTIES

1. Plaintiff JARED L. TAYLOR (hereinafter referred to as "Plaintiff") is an adult individual who resides at 809 DeLalla Terrace, Apt. D, Ridgefield, NJ 07657.

2. Defendant BREAK THE FLOOR PRODUCTIONS LLC, doing business as NUVO (hereinafter referred to as "Break the Floor") is a New York Corporation with a principal place of business and/or registered corporate address of 5446 Satsuma Avenue, North Hollywood, California 91601.

3. Defendant NICHOLAS J. HENDERSON (hereinafter referred to as "Henderson") is an adult individual who resides at 56 Portland St. #3, Portland, Maine 04101.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332(a).

5. There is complete diversity of citizenship between the parties and the amount in controversy in this action exceeds $75,000 exclusive of costs and interest.

6. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b).

7. A substantial part of the events giving rise to this action occurred within the Western Judicial District of the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

8. At approximately midnight on March 27, 2017, Henderson, operating the tractor-trailer involved in the collision described below, picked up Plaintiff in Patterson, New Jersey.

9. Henderson and Plaintiff were going to take turns operating the vehicle while driving it to Provo, Utah. This is known as "tandem" driving.

10. Upon information and belief, at approximately 6:00 a.m. on March 27, 2017, Henderson consumed a pill and/or medication. After consuming this pill, Henderson acted highly energetic and displayed erratic behavior.

11. On March 27, 2017 at approximately 7:20 a.m., Plaintiff was resting in the sleeper berth of the tractor-trailer being driven by Henderson in the westbound lanes of Interstate 80 in Richland Township, Clarion County, Pennsylvania.

12. At the same time and place, the tractor-trailer was caused to go off the right side of the roadway, striking and breaking through a guardrail, thereafter traveling down a steep

embankment where it struck several trees and landed on Metz Road, continuing thereafter up an embankment where it came to rest.

13. The aforesaid collision caused the cargo of the trailer to break through the front of the trailer, crushing the cab and entrapping the Plaintiff.

14. As a result of the aforesaid collision, Plaintiff suffered the following injuries, some or all of which may be permanent in nature:

   a. Comminuted intra-articular fracture of the distal radius of the right forearm;
   b. Anterior wedge compression fracture of the C5 vertebral body;
   c. Non-displaced proximal left fibular fracture;
   d. Widening of the C4-C5 joint suggestive of ligamentous injury;
   e. Rib fracture;
   f. L2 transverse process fracture;
   g. Collapsed lung;
   h. Concussion;
   i. Forehead laceration; and
   j. Temporomandibular joint injury.

15. As a result of the aforesaid injuries, Plaintiff has thus far undergone several surgeries and procedures including ORIF of the right distal radius comminuted fracture, surgical management of the ulnar styloid fracture and application of plaster splint.

16. As a result of the aforesaid injuries, Plaintiff has suffered the following damages:

   a. He has incurred in the past, and will incur in the future, substantial medical expenses;
   b. He has suffered in the past and will suffer in the future, substantial pain, suffering and inconvenience and the loss of certain of life's pleasures;
   c. He has sustained in the past and will sustain in the future, loss of earnings and/or earning capacity;
   d. He has sustained in the past and will sustain in the future, physical disfigurement;

e. He has sustained in the past and will sustain in the future, other emotional, economic and physical harm.

**TAYLOR RELATIONSHIP WITH HENDERSON AND BREAK THE FLOOR**

17. At all times relevant, Plaintiff was an independent contractor and contracted with Break the Floor to transport cargo to Provo, Utah.

18. At all times relevant, as an independent contractor, Plaintiff:

    a. Did not sign an employment contract;
    b. Set his own travel route;
    c. Chose where, when and how often to stop during the trip;
    d. Chose when and how often, if at all, to perform in-trip reporting to Break the Floor;
    e. Chose his own attire;
    f. Was paid by the job;
    g. Received a Form-1099-MISC for nonemployee compensation paid by Break the Floor;
    h. Chose when and how often, if at all, to perform work for Break the Floor;
    i. Did not regularly perform work for Break the Floor; and
    j. Had concurrent employment with J.B. Hunt Transport Services, Inc.

19. At all times relevant, Break the Floor did not:

    a. Dictate or control Plaintiff's concurrent employment;
    b. Dictate or control when or how often Plaintiff performed work for Break the Floor;
    c. Withhold taxes or perform payroll deductions for Plaintiff;
    d. Control Plaintiff's travel route;
    e. Require Plaintiff to undergo any physical and/or medical examination;
    f. Require Plaintiff to undergo any drug testing;
    g. Require Plaintiff to undergo any training;
    h. Require Plaintiff to undergo any motor vehicle operator testing;

      i. Require Plaintiff to perform regular in-trip reporting to Break the Floor;

      j. Require Plaintiff to submit the tractor-trailer for any inspection beyond the requirements of federal law;

      k. Require Plaintiff to inspect the tractor-trailer beyond the requirements of federal law;

      l. Require Plaintiff to wear a uniform; or

      m. Offer safety award bonuses to Plaintiff.

20. Based upon the above, Plaintiff was at all times relevant, an independent contractor and not an employee of Break the Floor. Plaintiff and Henderson were therefore not co-employees.

## HENDERSON RELATIONSHIP WITH BREAK THE FLOOR

**A. <u>Henderson was an employee of Break the Floor</u>**

21. At all times relevant, Henderson was the operator, driver and/or in control of the tractor-trailer.

22. At all times relevant Henderson was an agent/employee of Break the Floor.

23. At all times relevant, Break the Floor controlled the use and operation of the tractor-trailer. Specifically, paragraph 5 of the TRUCK LEASE and SERVICE AGREEMENT between Ryder and Break the Floor provides that leased trucks, including the tractor-trailer, "shall be operated only in the ordinary course of business by properly licensed drivers that are: (I) at least 18 years old; and (II) **your employees or agents and subject to your exclusive direction and control.**"

24. Additionally, upon information and belief and at all times relevant, Break the Floor qualified operators to use and operate the tractor-trailer, and required Henderson to sign an employment contract on August 29, 2016 (attached hereto and incorporated herein as Exhibit 1, hereinafter referred to as "Employment Contract").

25. At all times relevant, Break the Floor exercised substantial control over the manner of the work performed by Henderson in general, and in the following particulars:

   a. Break the Floor exercised substantial control over the manner of work performed by Henderson: "Driver (Henderson) shall perform such services at and in connection with the Events as are ordinarily and customarily performed by Drivers, **in accordance with the instructions of BTFP (Break the Floor Productions) and the rules, regulations, and practices of BTFP, as they may be modified from time to time, and such other services in connection therewith as BTFP may designate.**" (Employment Contract, ¶ 2);

   b. Break the Floor dictated and enumerated specific job responsibilities for Henderson (See Employment Contract generally, see also Employment Contract Exhibit C, BTFP Truck Driver Handbook & Appendices);

   c. Break the Floor dictated when and how often Henderson worked for or at Break the Floor: "**Unless BTFP advises Driver to the contrary, Driver will be available to render Driver's services hereunder as follows**…" (Employment Contract, ¶ 3). "Be aware that you are 'on call' every day that you are working. This may mean that you are required to help with something at any hour if needed, even if you are officially off… **You will be available for any requests of appearance, no matter how inconvenient**." (Employment Contract, Exhibit B);

   d. Break the Floor required regular in-person meetings between Henderson and other Break the Floor personnel: "Driver will meet with the [BTFP] Production Manager **each weekend at a time specified by Production Manager** to submit truck paperwork and review petty cash." (Employment Contract, ¶ 3(ix));

   e. Break the Floor dictated when and where Henderson stopped and parked the tractor-trailer: "Driver should not call hotel/venue and ask for parking restrictions. **Production Manager will call ahead on Driver's behalf.**" (Employment Contract, ¶ 3(x)). "Driver will park truck at lot (sometimes off property) and retrieve before load-out **at time specified by Production Manager**." (Employment Contract, ¶ 3(xiii));

   f. Break the Floor controlled Henderson's concurrent employment: "During the Term **Driver shall not be employed or engaged** by, render any services for, or have an interest or an association with any person or entity that directly or indirectly engages in any activities, whether as owner, employee, independent contractor, partner, consultant, investor, lender or otherwise, and whether acting alone or together with others, that is competitive with or detrimental to the business conducted by BTFP." (Employment Contract, Exhibit A, ¶ 4);

   g. Break the Floor controlled and restricted Henderson's ability to delegate duties: "The Agreement is for the personal services of Driver, and, accordingly, **Driver**

**may not assign any of Driver's rights or delegate any of Driver's duties under the Agreement**." (Employment Contract, Exhibit B, ¶ 13);

    h. Break the Floor required Henderson to submit the tractor-trailer for inspection at Break the Floor-designated facilities (Employment Contract, ¶ 3(v));

    i. Break the Floor paid Henderson for certain work on an hourly basis (Employment Contract, ¶ 4);

    j. Break the Floor controlled Henderson's wardrobe (Employment Contract, Exhibit B); and

    k. Break the Floor offered Henderson a "season-end" bonus (Employment Contract, ¶ 5).

26. Based upon the above, Henderson was at all times relevant an employee of Break the Floor.

## B. **Alternatively, Henderson was an independent contractor per the Employment Contract**

27. Alternatively, Henderson was an independent contractor because Henderson:

    a. Is so designated in the Employment Contract (Employment Contract, Exhibit A, ¶ 1);

    b. Was paid by the job for certain work (Employment Contract, ¶ 3(b));

    c. Was employed for a specific period of time as set forth in the Employment Contract; and

    d. Received a Form-1099 for nonemployee compensation paid by Break the Floor.

28. Upon information and belief, Break the Floor did not:

    a. Withhold taxes or perform payroll deductions for Henderson;

    b. Control Henderson's travel route;

    c. Require Henderson to undergo any physical and/or medical examination;

    d. Require Henderson to undergo any drug testing;

    e. Require Henderson to undergo any training; or

    f. Require Henderson to undergo any motor vehicle operator testing.

29. Accordingly, either Henderson was an employee/agent of Break the Floor, or alternatively, Henderson was an independent contractor. In either case, Henderson and Plaintiff were not co-employees.

30. At all times relevant, given the hours that Break the Floor required its operators to drive and/or the environment that it created based upon its compensation system or otherwise, it knew or should have known that its operators, including Henderson, may and/or were taking stimulants while operating vehicles on behalf of Break the Floor.

## COUNT I – NEGLIGENCE

### Plaintiff v. Defendant Nicholas J. Henderson

31. Each of the above paragraphs is incorporated herein by reference.

32. The aforesaid accident was caused by the negligence of Henderson in the following particulars:

   a. In failing to have the vehicle under proper control;
   b. In failing to maintain the tractor-trailer in its proper lane of travel;
   c. In failing to apply the brakes in time to avoid a loss of control;
   d. In failing to stop the tractor-trailer before it left the roadway;
   e. In failing to operate the tractor-trailer at a safe speed;
   f. In failing to observe existing road conditions;
   g. In failing to keep a proper lookout of the roadway;
   h. In failing to pay proper attention to the surrounding traffic conditions;
   i. In failing to remain alert and attentive under the circumstances;
   j. In failing to operate the tractor-trailer at a reasonable speed under the circumstances;
   k. In failing to avoid driving off the roadway;
   l. In failing to take proper note of, and precaution for, the configuration of the roadway;

m. In failing to take measures to avoid the crash or lessen its severity;

n. In failing to keep the tractor-trailer properly controlled given the prevailing circumstances and road conditions;

o. In failing to obey all applicable vehicle safety rules, regulations, and laws of the Commonwealth of Pennsylvania, the U.S. Department of Transportation, the Federal Motor Carrier Safety Administration, the U.S. Department of Labor, and the Occupational Safety & Health Administration regarding vehicle safety, inspections, maintenance, equipment, operation, driving, and driver fitness;

p. In driving while impaired by a chemical substance in violation of 75 Pa. C.S. §3802 and applicable federal commercial trucking regulations;

q. In consuming medication which made him unfit to operate a motor vehicle; and

r. In operating the tractor-trailer when he knew or should have known he was medically unfit to do so.

33. Henderson's negligence was a direct, proximate and/or factual cause of the motor vehicle crash.

34. As a result of Henderson's negligence, Plaintiff suffered the injuries and damages set forth at paragraphs 14 through 16, inclusive, which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against Defendant Nicholas Henderson in an amount in excess of the jurisdictional minimum of this Court.

**JURY TRIAL DEMANDED**

## COUNT II - NEGLIGENCE

### Plaintiff v. Defendant Break the Floor d/b/a NUVO

35. Each of the above paragraphs is incorporated herein by reference.

36. Break the Floor owed a duty of care to ensure that its employees and/or contractors were competent to operate motor vehicles in a safe manner and in accordance with applicable law.

37. The aforesaid accident was caused by the negligence of Break the Floor in the following particulars:

a. In failing to establish a screening process or establishing an inadequate screening process for the hiring of employees and/or contractors for the operation of motor vehicles;

b. In failing to provide operator training to employees and/or contractors whom it allows to drive its motor vehicles;

c. In failing to perform any driver test/ "road test" to evaluate, assess and/or determine the skills, capabilities, and/or competency of Henderson regarding his ability to safely operate the tractor-trailer;

d. In failing to assess, evaluate, or otherwise perform screening and/or testing, medical or otherwise, to evaluate Henderson's physical fitness to safely operate the tractor-trailer;

e. In failing to perform drug testing upon its employees and/or contractors whom it allows to drive its motor vehicles;

f. In failing to hire and/or contract with individuals with the requisite training and/or experience to safely and properly operate and otherwise control its vehicles during operation on the roadway;

g. In failing to adequately train, instruct, educate, inform and/or monitor its agents, servants, employees and/or contractors, including but not limited to Henderson, relative to the safe and proper manner of operating and otherwise controlling its vehicles during operation on the roadway;

h. In failing to establish a policy, or establishing an inadequate policy concerning the responsibility of its employees and/or agents and/or contractors to operate motor vehicles in a competent and safe manner and in accordance with applicable laws and regulations;

i. In failing to establish a policy, or establishing an inadequate policy concerning the safe use and operation of motor vehicles;

j. In failing to obey all applicable vehicle safety rules, regulations, and laws of the Commonwealth of Pennsylvania, the U.S. Department of Transportation, the Federal Motor Carrier Safety Administration, the U.S. Department of Labor, and the Occupational Safety & Health Administration regarding vehicle safety, inspections, maintenance, equipment, operation, driving, and driver fitness;

k. In requiring operators, including Henderson, to drive hours and/or distances which Break the Floor knew or should have known were dangerous in duration and/or length;

l. In requiring operators, including Henderson, to drive hours and/or distances which Break the Floor knew or should have known would cause and/or incentivize its operators to undertake undue risks and/or dangerous conduct, including the use of stimulants while operating vehicles on behalf of Break the Floor; and

m. In using a compensation system which Break the Floor knew or should have known would cause and/or incentivize its operators, including Henderson, to undertake

undue risks and/or dangerous conduct, including the use of stimulants, while operating vehicles on behalf of Break the Floor.

38. Break the Floor's negligence was a direct, proximate and/or factual cause of the subject motor vehicle crash.

39. As a result of Break the Floor's negligence, Plaintiff suffered the injuries and damages set forth at paragraphs 14 through 16, inclusive, which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against Defendant Break the Floor in an amount in excess of the jurisdictional minimum of this Court.

**JURY TRIAL DEMANDED**

## COUNT III – VICARIOUS LIABILITY

### Plaintiff v. Defendant Break the Floor d/b/a NUVO

40. Each of the above paragraphs is incorporated herein by reference.

41. At all times relevant, Henderson was an agent, servant, representative and/or employee of Break the Floor, and as such, Break the Floor is vicariously liable for the negligent conduct of Henderson.

42. Henderson's negligence was a direct, proximate and/or factual cause of the subject motor vehicle crash.

43. As a result of Henderson's negligence, Plaintiff suffered the injuries and damages set forth at paragraphs 14 through 16, inclusive, which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against Defendant Break the Floor in an amount in excess of the jurisdictional minimum of this Court.

**JURY TRIAL DEMANDED**

Dated: August 20, 2019

Respectfully submitted,

**MATZUS LAW, LLC**

By: /s/ Jason E. Matzus
Jason E. Matzus, Esquire
PA Id. No. 76229
MATZUS LAW, LLC
310 Grant Street, Suite 3210
Pittsburgh, PA 15219
(412) 206-5300
jason@matzuslaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019 a true and correct copy of the foregoing Plaintiff's Amended Complaint in Civil Action was filed with the Clerk via the CM/ECF Document Filing System and service upon counsel and parties of record via the CM/ECF Notification e-mail and/or via electronic e-mail to:

Owen Field
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19103
ofield@goldbergsegalla.com

Sean Stadelman
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19103
sstadelman@goldbergsegalla.com

Dated: August 20, 2019

Respectfully submitted,

**MATZUS LAW, LLC**

By: /s/ Jason E. Matzus
Jason E. Matzus, Esquire
PA Id. No. 76229
MATZUS LAW, LLC
310 Grant Street, Suite 3210
Pittsburgh, PA 15219
(412) 206-5300
jason@matzuslaw.com
*Attorney for Plaintiff*